IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIANA ALCANTARA, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | |
| § | CIVIL ACTION NO._____ | |
| § | | |
| UNIVERSITY OF HOUSTON, § | | |
| *Defendant.* § | JURY TRIAL DEMAND | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. NATURE OF ACTION

1.  This is an employment discrimination action, arising under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. (Title VII") and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

### B. PARTIES

2.  Plaintiff, ADRIANA ALCANTARA, is an individual who is a citizen of the State of Texas.

3.  Defendant, UNIVERSITY OF HOUSTON, (hereinafter "Defendant"), is a state university, and employs more than 15 regular employees. Defendant can be served by serving its President, Renu Khator or another person authorized to accept service at 212 E. Cullen, Room 212, Houston, Texas 77204.

### C. JURISDICTION

3.  This Court has subject matter jurisdiction of the claims asserted in this complaint under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

## D. VENUE

4.      Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), (c) and 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district.

## E. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC).  Plaintiff files this complaint within 90 days after receiving a notice of the right to sue.

## F. FACTS

6.      Plaintiff is a 50 year-old female of Hispanic national origin.  Plaintiff began working for Defendant on September 1, 2007 as a visiting professor and later became an Associate Professor in the Department of Psychology.

7.       During Plaintiff's employment, she was subjected to harassment by Dr. Leigh Leasure, Assistant and later Associate Professor, who interfered with experiments and student recruitment, yelled at her, denied use of essential lab equipment, and her attempts to interfere in Plaintiff's ability to perform her job created a hostile work environment.  Dr. Leasure was a younger female who participated in evaluating Dr. Alcantara for tenure.  She was the only neuroscientist other than Plaintiff on the faculty.

8.      Plaintiff was denied mentoring and detailed annual faculty reviews by the department and Department Chair, Dr. David Francis.

9.      On or about May 29, 2012, Plaintiff was informed that her tenure would not be renewed.

10.     Around February 28, 2013, Plaintiff had a meeting with the grievance committee and was awaiting a decision with respect to her tenure. However, on May 24, 2013, she

was informed that her tenure was denied and her last day of employment with the University of Houston was May 31, 2013. The grievance committee found that there were procedural errors and that academic standards were not followed in Dr. Alcantara's tenure evaluation process. The grievance committee recommended that the tenure decision be reconsidered.

## G. DISCRIMINATION UNDER TITLE VII

11.     Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely a member of the female sex, and based on her national origin.

12.     Defendant is an employer within the meaning of Title VII.

13.     Defendant intentionally discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended (including but not limited to the Lilly Ledbetter Amendment) based on Plaintiff's gender (female), national origin (Hispanic/Mexican-American), and in violation of the Age Discrimination in Employment Act of 1967, as amended.

14.     Defendant intentionally discriminated against Plaintiff because of her sex and national origin in violation of Title VII.

15.     Defendant intentionally discriminated against Plaintiff because of her sex and national origin in violation of Title VII by subjecting her to different disciplinary standards than her counterparts.

16.     Defendant intentionally discriminated against Plaintiff because of her sex and national origin in violation of Title VII by denying Plaintiff mentoring opportunities to further enhance the skills required for her job.

17.     Defendant's conduct violates Title VII.

18. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## H. DAMAGES

19. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

   a. Plaintiff lost back pay and benefits and front pay and benefits;

   b. Plaintiff suffered mental anguish, emotional distress, humiliation and embarassment among co-workers, damages to her prospects for employment, and loss of enjoyment of life;

   c. Plaintiff seeks punitive damages; and

   d. Plaintiff is entitled to prejudgment interest on lost wages and benefits and postjudgment interest on all sums, including attorney fees.

## I. ATTORNEY FEES

22. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## J. JURY TRIAL

23. Plaintiff requests a jury trial.

## K. PRAYER

24. For these reasons, Plaintiff asks for judgment against Defendant for the following:

   a. Award damages for loss of back pay and benefits;

   b. Award damages for front pay for two years;

c.   Award compensatory damages for emotional pain, suffering and mental anguish, humiliation, damage to her prospects for employment, and loss of enjoyment of life;

d.   Award reasonable attorney fees;

e.   Award costs of suit; and

f.   All other relief the court deems appropriate.

Respectfully submitted,

LAW OFFICES OF KEITH LOVELACE
8303 Southwest Freeway, Suite 975
Houston, Texas 77074-1622

By: /s/ Keith Lovelace_____
       Keith Lovelace
SDTBN. 19678
SBN 12600700
Telephone: 713/777-0500
Facsimile:   713/995-5555

**ATTORNEY FOR PLAINTIFF
ADRIANA ALCANTARA**