United States District Court
Southern District of Texas
**ENTERED**
July 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIANA ALCANTARA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-0463 |
| | § | |
| UNIVERSITY OF HOUSTON, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 17] filed by Defendant University of Houston ("UH"), to which Plaintiff Adriana Alcantara filed a Response [Doc. # 20], and UH filed a Reply [Doc. # 21]. UH argues that Plaintiff's claims under 42 U.S.C. § 1981 and § 1983 are barred by the Eleventh Amendment.[1] Having reviewed the record and applicable legal authorities, the Court **grants** UH's Motion to Dismiss Plaintiff's § 1981 and § 1983 claims.

## I. BACKGROUND

Plaintiff, a Hispanic female, began working for UH as a visiting professor in 2007. She later became an Associate Professor in the Department of Psychology. Plaintiff alleges that she was harassed on the basis of her sex, race, and national

---

[1] UH argued also in its Motion to Dismiss that Plaintiff's Title VII claim should be dismissed because she failed to file this lawsuit within ninety (90) days after she received the Notice of Right to Sue. In its Reply, UH withdraws its Motion to Dismiss the Title VII claim. *See* Reply, p. 7.

origin, by Dr. Leigh Leasure, a younger female professor who participated in evaluating Plaintiff for tenure. Plaintiff alleges also that she was denied mentoring opportunities and was not provided detailed annual faculty reviews.

Plaintiff was initially advised in May 2012 that she would not be granted tenure. Following a grievance process, Plaintiff was advised in May 2013 that the denial of tenure was a final decision. Plaintiff's last date of employment with UH was May 31, 2013.

Plaintiff filed this lawsuit against UH on February 25, 2014. Plaintiff alleged that UH discriminated against her in violation of Title VII and the Age Discrimination in Employment Act ("ADEA"). On March 25, 2014, Plaintiff filed an Amended Complaint [Doc. # 3], abandoning her ADEA claim.

At a pretrial conference on July 21, 2014, the Court noted that Alcantara filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 8, 2013, prior to the final tenure decision in May 2013. The Court administratively closed this case to allow Plaintiff the opportunity to amend her EEOC charge to include claims relating to the tenure decision.

Plaintiff did not amend her EEOC charge. Instead, on May 12, 2016, Plaintiff filed a Second Amended Complaint [Doc. # 11], asserting that UH violated § 1981 and § 1983 by denying her request for tenure. By Order [Doc. # 12] entered May 16,

2016, the Court reinstated the case on its active docket. UH filed its Motion to Dismiss, which has been fully briefed and is now ripe for decision.

## II.   ELEVENTH AMENDMENT STANDARD AND ANALYSIS

UH, identified by Plaintiff in her Second Amended Complaint as a "state university," argues that it is entitled to immunity from the § 1981 and § 1983 claims under the Eleventh Amendment. Absent an express abrogation by Congress or a waiver by the state, the Eleventh Amendment prohibits a federal court from exercising jurisdiction over lawsuits against non-consenting states and state agencies. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lewis v. Univ. of Tex. Med. Branch*, 665 F.3d 625, 630 (5th Cir. 2011).

UH is a state university, created and funded by the Texas legislature. *See* TEX. EDUC. CODE § 61.003(3). Plaintiff attempts to characterize UH as a local school board. *See* Response, pp. 4-5 (citing *Monell v. Dep't of Social Servs.*, 463 U.S. 658 (1978), and its progeny). Plaintiff's argument that UH is a local school board is unsupported by either the record or applicable legal authority. *See, e.g., Liu v. Jackson*, 2010 WL 342251, *3 (N.D. Tex. Jan. 29, 2010) ("Plaintiff offers no support for his contention that the [University of North Texas] System is more analogous to a school board or local government entity"). Similarly, Plaintiff's reliance on cases from the Tenth Circuit that allowed § 1983 claims against a local school district is

misplaced. UH is not a local school district, it is a state university.[2] As a state university, UH is a state agency for purposes of Eleventh Amendment immunity. *See Chavez v. Arte Publico Press*, 204 F.3d 601, 603 (5th Cir. 2000) (agreeing with UH's argument that "it enjoys immunity from unconsented-to suit in federal court under the Eleventh Amendment"); *Shoecraft v. Univ. of Houston - Victoria*, 2006 WL 870432, *6 (S.D. Tex. Mar. 28, 2006); *Cochran v. Univ. of Houston*, 1990 WL 151298, *2 (Tex. App. – Houston [1st Dist.] Oct. 11, 1990); *see also Jackson v. Tex. Forest Serv.*, 194 F. Supp. 2d 566, 570 (E.D. Tex. 2001) (Texas Forest Service, as part of Texas A&M University, is a state agency entitled to Eleventh Amendment immunity); *Wetherbe v. Texas Tech Univ.*, 2016 WL 1273471, *3 (N.D. Tex. March 31, 2016) (holding that institutions of higher education are considered arms of the state that are entitled to immunity under the Eleventh Amendment); *Adrian v. Bd. of Supervisors for La. State Univ.*, 2016 WL 1056576, *3 (M.D. La. Mar. 16, 2016); *Dear v. Jackson State Univ.*, 2008 WL 4225766, *4 (S.D. Miss. Sept. 10, 2008) (state university is protected under the Eleventh Amendment and immune from claims under § 1981 and § 1983).

---

[2] Plaintiff asserts as the title of a section in her Response that "Plaintiff may sue a state actor under 42 U.S.C. § 1983 and § 1981." *See* Response, p. 4. Plaintiff in this case, however, has not sued a state actor. Instead, the only Defendant in this lawsuit is UH, a state agency.

Congress has not expressly abrogated Eleventh Amendment immunity for § 1981 or § 1983 claims, and Texas has not consented to lawsuits asserting those two claims. *See Lewis*, 665 F.3d at 630; *Hines v. Miss. Dept. of Corrections*, 239 F.3d 366, *3 (5th Cir. Nov. 14, 2000). Absent abrogation or consent, Plaintiff cannot maintain her § 1981 and § 1983 claims against UH.

"In *Laxey v. Louisiana Board of Trustees*, the Fifth Circuit compared the Eleventh Amendment to a defensive lineman in football 'barring all suits in law or equity against an unconsenting state' from continuing down field towards trial." *Jackson*, 194 F. Supp. 2d at 570 (quoting *Laxey v. La. Bd. of Trustees*, 22 F.3d 621, 623 (5th Cir. 1994)). UH is a state agency entitled to immunity under the Eleventh Amendment from Plaintiff's § 1981 and § 1983 claims. As a result, UH's Motion to Dismiss these two claims is granted and the claims are dismissed with prejudice.

### III.   CONCLUSION AND ORDER

Plaintiff's § 1981 and § 1983 claims against UH, a Texas state agency, are barred by the Eleventh Amendment. As a result, it is hereby

**ORDERED** that UH's Motion to Dismiss [Doc. # 17] is **GRANTED** and Plaintiff's § 1981 and § 1983 claims (Counts Two and Three in the Second Amended Complaint) are **DISMISSED WITH PREJUDICE**.

The case remains scheduled for a pretrial conference on **August 29, 2016**.

SIGNED at Houston, Texas, this **28th** day of **July, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE