United States District Court
Southern District of Texas

**ENTERED**

December 27, 2016

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ADRIANA ALCANTARA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-0463 |
| | § | |
| UNIVERSITY OF HOUSTON, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 26] filed by

Defendant University of Houston ("UH"), to which Plaintiff Adriana Alcantara filed

a Response [Doc. # 27], and UH filed a Reply [Doc. # 28].  The Court previously

dismissed Plaintiff's claims under 42 U.S.C. § 1981 and § 1983 as barred by the

Eleventh Amendment.  UH now seeks dismissal of Plaintiff's Title VII claim.  Having

reviewed the record and applicable legal authorities, the Court **denies** UH's Motion

to Dismiss the Title VII claim regarding a hostile environment, and **grants** UH's

Motion to Dismiss the Title VII claim regarding the denial of tenure and the failure

to provide mentoring and detailed annual reviews.

## I.    BACKGROUND

Plaintiff, a Hispanic female, began working for UH as a visiting professor in

2007.  She later became an Associate Professor in the Department of Psychology.

Plaintiff alleges that she was harassed on the basis of her sex, race, and national origin, by Dr. Leigh Leasure, a younger female professor.  Plaintiff alleges also that she was denied mentoring opportunities and was not provided detailed annual faculty reviews.

Plaintiff was initially advised in May 2012 that she would not be granted tenure. Following a successful internal grievance process, a new UH Provost reconsidered Plaintiff's request for tenure.  Plaintiff was advised in May 2013 of the new Provost's final decision to deny tenure.  Plaintiff's last date of employment with UH was May 31, 2013.

Plaintiff filed this lawsuit against UH on February 25, 2014.  Plaintiff alleged that UH discriminated against her in violation of Title VII and the Age Discrimination in Employment Act ("ADEA").  On March 25, 2014, Plaintiff filed an Amended Complaint [Doc. # 3], abandoning her ADEA claim.

At a pretrial conference on July 21, 2014, the Court noted that Alcantara filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 8, 2013, prior to the final tenure decision in May 2013.  The Court administratively closed this case to allow Plaintiff an opportunity to amend her EEOC charge to include a discrimination claim relating to the May 2013 tenure decision that resulted in the final denial of tenure.

Plaintiff did not amend her EEOC charge.  Instead, on May 12, 2016, Plaintiff

filed a Second Amended Complaint [Doc. # 11], asserting that UH violated Title VII,

§ 1981 and § 1983 by denying her request for tenure.  By Order [Doc. # 12] entered

May 16, 2016, the case was reinstated on the Court's active docket.  By Memorandum

and Order [Doc. # 22] entered July 28, 2016, the Court granted UH's Motion to

Dismiss the § 1983 and § 1981 claims.  UH then filed the pending Motion to Dismiss,

seeking dismissal of the remaining Title VII claim.  The second Motion to Dismiss has

been fully briefed and is now ripe for decision.

## II.    <u>EXHAUSTION REQUIREMENT FOR TITLE VII CLAIM</u>

"Title VII requires employees to exhaust their administrative remedies before

seeking judicial relief."  *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir.

2008).  To exhaust administrative remedies, an aggrieved employee in certain states

such as Texas must file a charge of discrimination with the EEOC within 300 days

after an adverse employment action occurs.  *See* 42 U.S.C. § 2000e-5(e)(1).

"Ordinarily, an employee may not base a Title VII claim on an action that was not

previously asserted in a formal charge of discrimination to the EEOC, or that could

not reasonably be expected to grow out of the charge of discrimination."  *Filer v.*

*Donley*, 690 F.3d 643, 647 (5th Cir. 2012) (internal quotations and citation omitted).

In this case, Plaintiff alleges that she was informed on May 29, 2012, that she would be denied tenure.  It is undisputed that Plaintiff filed her EEOC charge on March 8, 2013, alleging that the denial of tenure was based on unlawful discrimination.  Additionally, Plaintiff filed an internal appeal of the denial of tenure. Plaintiff's internal appeal was successful, and the UH grievance panel recommended that the tenure decision be reviewed by the new Provost.  The new Provost agreed with the UH grievance panel's recommendation and engaged in a review of the tenure decision.  Following her review, the new Provost decided that Plaintiff's application for tenure should be denied.  Her final decision denying tenure was issued May 24, 2013, after Plaintiff filed her March 2013 EEOC charge.

At a pretrial conference on July 21, 2014, the Court noted that Plaintiff's EEOC charge predated the May 2013 final tenure decision.  Plaintiff's EEOC charge addressed only the tenure decision in May 2012, which was the subject of a successful internal appeal and subsequent reconsideration.  As a result, the Court administratively closed this case to allow Plaintiff to amend her EEOC charge to assert a discrimination claim relating to the final tenure decision in May 2013.  Plaintiff failed to amend her charge, and she failed to file a separate EEOC charge challenging the May 2013 tenure decision.  More than 300 days have expired since the May 2013 tenure decision and, as a result, the Motion to Dismiss the tenure claim as unexhausted is granted.

Plaintiff relies on cases holding in tenure situations that the limitations period begins to run when the tenure decision is made and communicated to the professor. *See* Response, pp. 6-7 (citing *Del. State College v. Ricks*, 449 U.S. 250 (1980); *Niwayama v. Tex. Tech Univ.*, 590 F. App'x 351, 355 (5th Cir. 2014)).  These cases, however, involved situations in which a professor was denied tenure, pursued an *unsuccessful* internal appeal, and *then* filed an EEOC charge regarding the original tenure decision.

The issue in Alcantara's case is not whether the limitations period for filing an EEOC charge begins to run when an unfavorable tenure decision is made and communicated to the employee.  Instead, the issue in this case is whether the tenure decision in May 2013 was the relevant tenure decision for purposes of filing an EEOC charge.  Plaintiff successfully pursued an internal appeal of the May 2012 denial of tenure, and the new Provost agreed to reconsider that decision.  The new Provost issued her decision in May 2013 that tenure would be denied.  It is the May 2013 final decision that resulted in Plaintiff being denied tenure.  Therefore, Plaintiff was required to file (or amend) the EEOC charge within 300 days thereafter.  She failed to do so, and any Title VII claim of discrimination relating to the relevant May 2013 tenure decision is unexhausted.

## III.   ADVERSE ACTION REQUIREMENT FOR TITLE VII CLAIM

To state a *prima facie* case of discrimination under Title VII based on sex, national origin, and race, Plaintiff must alleged factually that "she (1) is a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably." *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016). It is undisputed that Plaintiff is a Hispanic female and, as such, is a member of a protected class.

Plaintiff alleges that she was "denied mentoring and detailed annual faculty reviews." *See* Second Amended Complaint, ¶¶ 7, 15.  Defendant argues that these allegations do not satisfy the requirement that Plaintiff have suffered an adverse employment action.   Plaintiff does not provide a meaningful response to this argument, and she specifically fails to cite legal authority supporting her position that the denial of mentoring and annual reviews constitutes adverse employment actions for purposes of a Title VII claim of discrimination.

"Adverse employment actions are discharges, demotions, refusals to hire, refusals to promote, and reprimands." *Alvarado v. Texas Rangers*, 492 F.3d 605, 612 (5th Cir. 2007) (quoting *Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir.

2000)).  Neither the failure to provide mentoring nor the failure to provide detailed

annual reviews, nor the combination of the two, constitutes an ultimate employment

decision actionable under Title VII.  Defendant's Motion to Dismiss the Title VII

claim based on the denial of mentoring and the failure to provide detailed annual

reviews is granted.

## IV.    HOSTILE ENVIRONMENT TITLE VII CLAIM

A plaintiff can state a Title VII claim when "discrimination based on

membership in a protected class creates a hostile or abusive work environment."  *See*

*Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986); *Ramsey v. Henderson*, 286

F.3d 264, 268 (5th Cir. 2002); *Carr v. Sanderson Farms, Inc.*, 2016 WL 6872007, *2

(5th Cir. Nov. 21, 2016).  "To establish a hostile work environment claim under

Title VII, the plaintiff must prove that she:  (1) belongs to a protected group; (2) was

subjected to unwelcome harassment; (3) the harassment complained of was based on

race [or other protected status]; (4) the harassment complained of affected a term,

condition, or privilege of employment; (5) the employer knew or should have known

of the harassment in question and failed to take prompt remedial action."

*Williams-Boldware v. Denton Cty.*, 741 F.3d 635, 640 (5th Cir.), *cert. denied*, 135 S.

Ct. 106 (2014) (citing  *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir.

2012)).  With reference to the third element, a "bare allegation of harassment,

unrelated to membership in any protected class, cannot form the basis of a Title VII claim." *Carr*, 2016 WL 6872007 at *2. To satisfy the fourth element of a Title VII claim based on a hostile work environment, "the plaintiff must show that the work environment was so pervaded by discrimination that the terms and conditions of employment were altered." *Vance v. Ball State Univ.*, __ U.S. __, 133 S. Ct. 2434, 2441 (2013) (citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)).

In this case, Plaintiff alleges that she is a Hispanic female. Plaintiff alleges that "Defendant intentionally discriminated against Plaintiff because of her sex, national origin and race in violation of Title VII by . . . allowing Plaintiff to be subjected to a hostile work environment." *See* Second Amended Complaint, ¶ 14. Plaintiff alleges specifically that she was harassed by a fellow professor, Dr. Leasure, who "participated in evaluating Dr. Alcantara for tenure" and who "interfered with experiments and student recruitment, yelled at her for no acceptable reason, [and] denied her use of essential lab equipment." *Id.*, ¶ 6. Plaintiff alleges that the harassment by Dr. Leasure was an attempt to interfere with Plaintiff's ability to perform her job. *See id.* Plaintiff notes in her Response to the Motion to Dismiss that Defendant intentionally excluded Hispanic females from obtaining tenure in the Psychology Department. *See* Response, p. 11. Plaintiff has adequately alleged a

factual basis for the Title VII hostile work environment claim.  The Motion to Dismiss this claim is denied.

## V.    CONCLUSION AND ORDER

Plaintiff's Title VII claim regarding the final denial of tenure is unexhausted. The failure to mentor and the failure to provide detailed faculty reviews are not adverse employment actions that support a Title VII claim.  Plaintiff has adequately alleged her hostile work environment claim.  As a result, it is hereby

**ORDERED** that UH's Motion to Dismiss [Doc. # 26] is **DENIED** as to the hostile environment claim and **GRANTED** in all other respects.

SIGNED at Houston, Texas, this **27th** day of **December, 2016**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE