Case 4:14-cv-00463   Document 34   Filed on 04/06/17 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
April 06, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIANA ALCANTARA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-0463 |
| | § | |
| UNIVERSITY OF HOUSTON, | § | |
| Defendant. | § | |

# MEMORANDUM AND ORDER

This Title VII hostile work environment case is before the Court on the Motion for Summary Judgment [Doc. # 31] filed by Defendant University of Houston ("UH"), to which Plaintiff Adriana Alcantara filed a Response [Doc. # 32], and UH filed a Reply [Doc. # 33]. The Court previously dismissed Plaintiff's claims under 42 U.S.C. § 1981 and § 1983, and her Title VII claim regarding the denial of tenure and the failure to provide mentoring and detailed annual reviews. UH now seeks summary judgment on the sole remaining claim in the case – a Title VII claim regarding a hostile work environment.

The Court has carefully reviewed the full record in this case. Based on that review and the application of governing legal authorities, the Court finds that Plaintiff has presented sufficient evidence to raise a genuine issue of material fact. As a result, the Court **denies** the Motion for Summary Judgment.

## I.     BACKGROUND

Plaintiff, a Hispanic female, is a neuroscientist. She began working for UH as a visiting professor in 2007. She later became an Associate Professor in the Department of Psychology. Plaintiff was advised in May 2013 of the final decision to deny her tenure. Plaintiff's last date of employment with UH was May 31, 2013.

In connection with the remaining hostile environment claim, Plaintiff alleges that she was harassed on the basis of her race and national origin by Dr. Leigh Leasure, a younger female professor.[1] Specifically, Plaintiff alleges that Dr. Leasure interfered with her experiments and student recruitment efforts, yelled at her for no reason, and denied her use of essential lab equipment.

## II.    STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating that there is no evidence to support

---

[1] In her Response to the Motion for Summary Judgment, Plaintiff describes alleged conduct by Dr. David Francis (Chair of the UH Department of Psychology), Julia Hannay (Co-Chair of the UH Department of Psychology), and Donald Foss (a UH Department of Psychology faculty member). The Court does not consider Plaintiff's testimony regarding this conduct because Plaintiff makes no allegations of harassment by these individuals in any of her three complaints in this lawsuit.

the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Hines v. Henson*, 293 F. App'x. 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Nat'l Union*, 532 F.3d at 401.

### III.   ANALYSIS OF HOSTILE ENVIRONMENT CLAIM

A plaintiff can state a Title VII claim when "discrimination based on membership in a protected class creates a hostile or abusive work environment." *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986); *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002); *Carr v. Sanderson Farms, Inc.*, 665 F. App'x 335, 339 (5th Cir. Nov. 21, 2016). "To establish a hostile work environment claim under Title VII, the plaintiff must prove that she: (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on race [or other protected status]; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Williams-Boldware v. Denton Cty.*, 741 F.3d 635, 640 (5th Cir.), *cert. denied*, 135 S.

Ct. 106 (2014) (citing *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012)). UH seeks summary judgment, arguing that Plaintiff has failed to present evidence that any alleged harassment (1) was based on Plaintiff's race or national origin and (2) affected a term, condition, or privilege of employment.

### A. Harassment Based on Protected Status

The third element of a hostile environment claim is that the harassment suffered by the Plaintiff was based on her membership in a protected class. A "bare allegation of harassment, unrelated to membership in any protected class, cannot form the basis of a Title VII claim." *Carr*, 665 F. App'x at 339.

In this case, Plaintiff has presented her own sworn evidence[2] that she is of "Hispanic descent," and that she was active in promoting the advancement of minorities, particularly Hispanics, in academia. Plaintiff has presented evidence that she was a member of a Social Science Working Group that sought to increase the number and success of minority women in the engineering, science, mathematics and

---

[2]  Plaintiff was deposed on February 2, 2017. Thereafter, on March 16, 2017, Plaintiff made written changes to her deposition testimony. A party may not defeat a motion for summary judgment by changing, without explanation, sworn testimony. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996)); *accord Doe v. Dallas Independent School District*, 220 F.3d 380, 385-87 (5th Cir. 2000); *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 482 (5th Cir. 2002). Nevertheless, where, as here, a plaintiff merely supplements or clarifies deposition testimony, a court may consider the changes when evaluating whether there are genuine issues of material fact to defeat summary judgment. *See S.W.S. Erectors*, 72 F.3d at 496.

behavioral science fields. Plaintiff has presented evidence that she offered to contribute to the UH Provost's "Ad Hoc Committee on the Hiring and Retention of Hispanic Faculty." Plaintiff has stated under oath that UH personnel, including Dr. Leasure, viewed with disfavor her efforts on behalf of Hispanics. Plaintiff has stated under oath that the harassment by Dr. Leasure was based on Plaintiff's race and national origin, including her support for Hispanic employees at UH. Plaintiff states that UH, particularly the Psychology Department, had a history of not granting tenure to Hispanic professors.

Plaintiff's evidence of a connection between the alleged harassment and her race and national origin is extremely thin. Nonetheless, drawing all inferences in Plaintiff's favor, the Court finds on this record that Plaintiff's evidence raises a sufficient issue of material fact on this element of a hostile environment claim, such that a decision on this issue is best made at trial.

### B. Harassment Affected Employment

The fourth element of a hostile environment claim requires a plaintiff to demonstrate that the harassment affected a term, condition or privilege of her employment. To satisfy this element, "the plaintiff must show that the work environment was so pervaded by discrimination that the terms and conditions of employment were altered." *Vance v. Ball State Univ.*, __ U.S. __, 133 S. Ct. 2434,

2441 (2013) (citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). "In order to deem a work environment sufficiently hostile, all of the circumstances must be taken into consideration." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (internal quotations and citation omitted). The relevant factors include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. The work environment must be "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)).

    Plaintiff has presented evidence, primarily through her own sworn testimony, that Dr. Leasure yelled at her and repeatedly interfered with her work, including her use of essential lab equipment and her student mentoring. Plaintiff has presented evidence that Dr. Leasure intended that the alleged harassment prevent Plaintiff from performing her job responsibilities fully and competently, and that the alleged harassment had that effect. The Court cannot conclude that this evidence, though slim and somewhat general, is insufficient as a matter of law to raise a genuine issue of material fact regarding this element of the hostile environment claim.

## V.     CONCLUSION AND ORDER

Plaintiff has presented, primarily through her own sworn testimony, evidence that, when viewed in the light most favorable to Plaintiff and drawing all inferences in her favor, raises a genuine issue of material fact in support of her hostile environment claim. As a result, it is hereby

**ORDERED** that UH's Motion for Summary Judgment [Doc. # 31] is **DENIED**. The case remains scheduled for docket call on May 25, 2017, unless settled prior to that date.

SIGNED at Houston, Texas, this **6th** day of **April, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE